IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ADAM THOMAS BOOTH,** | ) | **CASE NO. 7:19-CV-00429** |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **JOHN HIGGINS, et al.,** | ) | By: Hon. Michael F. Urbanski |
| Defendants | ) | Chief United States District Judge |

**MEMORANDUM OPINION**

Adam Thomas Booth, a Virginia inmate who is proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on June 10, 2019. He is suing John Higgins, the superintendent of Rockbridge Regional Jail (RRJ), and Gary Hassler, the jail's head nurse, alleging that they violated his civil rights by denying him access to psychiatric medication and to a mental health professional for a period of time while he was incarcerated. Defendant Higgins filed a motion to dismiss on November 4, 2019, and Defendant Hassler filed a motion to dismiss on December 9, 2019. ECF Nos. 19 and 28. Also pending is Booth's motion for extension of time to file this lawsuit based on Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure. ECF No. 27. The issues have been fully briefed and the matter is ripe for adjudication. As discussed more fully below, the court **DENIES** the motions to dismiss and **DENIES** Booth's motion for extension of time to file this lawsuit.

I.

Booth was diagnosed with depression and anxiety while incarcerated in 2014 at Dillwyn Correctional Center. In response to this diagnosis, Booth began receiving counseling and medication. Booth was released in December 2015 and continued receiving treatment from

an outside provider until he was re-arrested in August 2016 and sent to RRJ. From the time he arrived at RRJ in 2016 through February 2017, Booth made repeated requests to be seen by a mental health professional but was never given an appointment. He also filed grievances related to his need for mental health services, but the only response he received was to be told that it was RRJ policy that for inmates to receive mental health treatment, they had to have been clients of the Lexington/Rockbridge Community Services Board before they were incarcerated. Because Booth saw a doctor outside of Rockbridge County, he was ineligible to receive treatment while at RRJ.

In late 2016, Hassler discontinued Booth's psychiatric medication without notice to him and without giving him an opportunity to wean off the medication. By February 2017, Booth began suffering from severe panic attacks and suicidal thoughts. He was placed on suicide watch but was removed from watch less than 24 hours later and placed back in the prison's general population. While on suicide watch, Booth did not receive any treatment or follow-up from a medical professional.[1]

Booth sued Higgins and Hassler individually and in their official capacities on June 10, 2019, alleging deprivation of his Eighth Amendment right to be free of cruel and unusual punishment, based on defendants' failure to provide him with mental health care. In their motions to dismiss, Higgins and Hassler contend that Booth's § 1983 claim is barred by the two-year statute of limitations set forth in Va. Code Ann. § 8.01-243(A).

---

[1] Although it appears from his pleadings that Booth currently is incarcerated at RRJ, he does not seek relief for anything that happened after February 2017. In his response to the motion to dismiss, he states that he was incarcerated at RRJ from August 2016 through February 2017 and was denied access to medical care during that time. ECF No. 24 at 2-3.

## II.

Defendants move to dismiss Booth's claims under Rule 12(b)(6) of the federal Rules of Civil Procedure. To survive a motion to dismiss, the complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). These "allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

When ruling on a motion to dismiss, the court accepts "the well-pled allegations of the complaint as true" and "construe[s] the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). While the court must accept as true all well-pleaded factual allegations, the same is not true for legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. A court need not accept as true "'legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement, . . . unwarranted inferences, unreasonable conclusions, or arguments.'" Richardson v. Shapiro, 751 F. App'x 346 (4th Cir. 2018) (quoting Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009)) (internal quotation marks omitted). Thus, a complaint must present sufficient nonconclusory factual allegations to support a reasonable inference that the plaintiff is entitled to relief and the defendant is liable for the unlawful act or omission alleged. See Francis v. Giacomelli, 588 F.3d 186, 196-97 (4th Cir. 2009) (affirming dismissal of claim that simply stated a legal conclusion with no facts supporting the allegation) and King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare

legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim.") (quoting Iqbal, 556 U.S. at 679).

To be timely, the suit must be brought within any statute of limitations that relates to the cause of action. Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005) ("[t]he raising of the statute of limitations as a bar to plaintiffs' cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed. R. Civ. P. 12(b)(6).") A 42 U.S.C. § 1983 lawsuit adopts the statute of limitations that the forum state uses for general personal injury cases. Owens v. Okure, 488 U.S. 235, 249-50 (1989). Virginia state law sets the statute of limitations at two years. See Va. Code § 8.01-243(A). However, it is federal law that controls when a cause of action accrues. See Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975). The statute of limitations begins to run when the "plaintiff possesses sufficient facts about the harms done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995).

Booth does not dispute that treatment was last denied in February 2017 after he was removed from suicide watch and that he filed this lawsuit on June 10, 2019, more than two years after the date the cause of action accrued. Instead, first he argues that the statute of limitations was tolled under Virginia Code § 8.01-229(K) because both Higgins and Hassler were parties to "a criminal prosecution arising out of the same facts" that are at issue in Booth's suit. Second, Booth contends that even if the statute of limitations has expired, he should be allowed an extension under Fed. R. Civ. P. 6(b)(1) because of "excusable neglect."

## A.

Virginia Code § 8.01-229(K) provides, in pertinent part, that "[i]n any personal action for damages, if a criminal prosecution arising out of the same facts is commenced, the time such prosecution is pending shall not be computed as part of the period within which such a civil action may be brought." The Fourth Circuit has provided little guidance on what qualifies as "arising out of the same facts." Wright v. Va. Peninsula Reg'l Jail Auth., No. 2:19-cv-00189, 2020 WL 1055665, at *8 (E.D. Va. Mar. 4, 2020). This court, however, has previously stated that "[t]o determine whether Section 8.01-229(K) applies, the court must compare the facts necessary for the underlying criminal charge with the facts giving rise to the civil action. The statute is tolled only if the facts are the same." Routon v. Overton, No. 7:18-cv-00112, 2019 WL 1415472, at *6 (W.D. Va. Mar. 28, 2019).

In Brown v. Edmonds, No. 7:12-cv-00267, 2012 WL 2526735, at *1 (W.D. Va. June 29, 2012), a plaintiff sued jail officials for failing to adequately protect him from an assault at the hands of his cellmate. When the defendants moved to dismiss on the grounds that the suit had not been filed within the applicable statute of limitations, the plaintiff contended that his cellmate's criminal prosecution for the assault tolled the statute of limitations under Va. Code § 8.01-229(K). The court rejected this argument and found that § 8.01-229(K) only applies when the facts that must be proven in the civil and criminal proceedings are the same. Id. at 2. Since "[t]he facts necessary to prove malicious wounding beyond a reasonable doubt . . . [were] not the same facts to determine whether defendants were personally aware of facts indicating a substantial risk of serious harm to plaintiff and whether defendants actually

5

recognized the existence of that risk," this meant that "§ 8.01–229(K) [did] not toll the statute of limitations." Id.

In Wright, the court took a somewhat more expansive view of the tolling statute. In that case, a prison guard repeatedly sexually assaulted an inmate over a period of several months. The inmate filed a civil suit against several jail officials alleging 42 U.S.C. § 1983 causes of action as well as state tort claims against the guard who assaulted her and other prison officials for failing to adequately protect her. Wright, 2020 WL 1055665 at *1. The assaults occurred between April 20, 2017 and June 30, 2017, making June 30, 2018 the deadline to file the civil suit under the one-year statute of limitations applicable to causes of action based on state law. See Va. Code Ann. § 8.01-243.2.[2] The plaintiff, however, did not file her civil suit until April 16, 2019. Wright, 2020 WL 1055665 at *1. In the meantime, the guard was charged with and convicted of carnal knowledge of an inmate by an employee. Id. He was indicted on January 17, 2018 and the case was pending until December 27, 2018. Id. at *12.

The defendants moved to dismiss the state law tort claims under Rule 12(b)(6), arguing that they were barred by the one-year statute of limitations. Wright, 2020 WL 1055665 at *6. The plaintiff countered that the statute of limitations was tolled during the pendency of the criminal action against the guard by Va. Code § 8.01-229(K). In response, the defendants argued that in order for the tolling statute to apply, the civil defendants in a subsequent civil

---

[2] The statute provides the following:
No person confined in a state or local correctional facility shall bring or have brought on his behalf any personal action relating to the conditions of his confinement until all available administrative remedies are exhausted. Such action shall be brought by or on behalf of such person within one year after cause of action accrues or within six months after all administrative remedies are exhausted, whichever occurs later.

case must also have been the defendants in the earlier related criminal prosecution and that except for the guard who assaulted her, they were not. Id. at *7.

The court rejected the argument, finding that "the statute is not limited to cases where the facts needed to prove the claims in the criminal case are the exact same facts needed to prove the claims in the civil case." Id. at 9. Rather, the cases need only arise out of the "general underlying facts surrounding the event that led the parties to bring cases in criminal and civil court." Id. The court concluded that the civil and criminal prosecution arose out of the same facts because the inmate had complained to the prison about the sexual abuse by the guard, fully participated in the investigation, and sworn out a complaint for his arrest. Those same acts formed the basis of her state law tort claims. Id. at 10. Thus, the court found that the civil lawsuit was tolled during the pendency of the criminal matter. Id. See also Pinder v. Knorowski, 660 F.Supp.2d 726, 732 (E.D. Va. 2009) (finding the statute of limitations tolled because plaintiff's criminal prosecution and § 1983 unlawful search and seizure lawsuit arose out of the same search of the plaintiff's residence).

Turning to the instant case, on August 14, 2018, Higgins and Hassler were indicted for violations of 18 U.S.C. § 242.[3] United States v. Higgins, No. 6:18-cr-10 (W.D. Va. filed Aug. 14, 2018). Higgins was indicted on four counts of willfully depriving three inmates at RRJ of the right to be free from a jail official's deliberate indifference to his serious medical needs, resulting in bodily injury. Hassler was indicted on two counts of knowingly falsifying a document with the intent to obstruct justice based on allegations that he falsified jail records

---

[3]On June 27, 2019, Higgins was indicted on an additional seventeen counts in a superseding indictment. ECF No. 25-2. Booth concedes, however, that "these additional charges do not pertain to this civil action." Pl.'s Resp. 2, ECF No. 26-1.

in order to show one of the inmates "refused his medication . . . [and] medical care." See indictment in United States v. Higgins, included herein at ECF No. 25-1. On July 26, 2019, Hassler was convicted on one of the counts and acquitted on the other.[4] Pl.'s Resp. 1, ECF No. 26-1.

Booth alleges that Higgins and Hassler refused to let him see a mental health care provider, abruptly discontinued his psychiatric medication, and took him off suicide watch within 24 hours of placing him on watch. The criminal charges against Higgins and Hassler were based on similar types of medical neglect accusations, although the facts underlying the criminal prosecutions do not appear to be related to the facts alleged by Booth.[5] Nevertheless, Booth claims to be cooperating with this criminal investigation and it assumed for purposes of this motion that he is doing so.

Recognizing that the criminal prosecution involves different inmate victims and different factual allegations, Booth asks the court to read "arising out of the same facts" more broadly and to find that the existence of a criminal prosecution involving different inmates is enough to toll Booth's suit because the existence of mistreatment elsewhere in the prison relates to the similar type of claims brought by Booth in his complaint. In addition, Booth contends that the existence of abuses by the defendants against other prisoners increases the likelihood that they engaged in a pattern of behavior which also affected Booth. Booth

---

[4] As of the writing of this opinion, Higgins is awaiting trial.
[5] Hassler was charged with and convicted of falsifying documents related to an inmate identified as "R.E.C." ECF No. 25-1 at 3-4. Booth's initials are not "R.E.C." and he has not alleged that Hassler falsified documents in this civil suit. Higgins is accused in the criminal matter of denying inmate R.E.C. his right to be free from deliberate indifference to his serious medical needs and denying R.E.C. and two other inmates, M.K. and B.E., of their rights to due process, including the right of pre-trial detainees to be protected from foreseeable injury and violence resulting in bodily injury. ECF No. 25-1. Booth's initials are not "M.K." or "B.E." and the allegations in the criminal matter do not appear to pertain to his alleged deprivation of mental health care.

concedes that he can find no case which supports this broad reading. Pl.'s Resp. to Mot. to Dismiss 5, ECF No. 31. See Slaey v. Adams, No. 1:08-cv-00354, 2008 WL 5377937, at *6 (E.D. Va. Dec. 23, 2008) ("there is virtually no guidance from the tolling provision itself or the case law on how to interpret 'out of the same facts' language.")

While the court stops short of adopting Booth's interpretation of the statute, it finds at this early stage of litigation that Booth has set forth allegations worthy of further factual development. The extent to which Booth has cooperated in the investigation of Higgins and Hassler may be relevant to his reasons for filing his lawsuit outside of the statute of limitations. Although the factual underpinnings of the cases appear to be distinct, it is notable that Higgins and Hassler were involved in allegations of wrongdoing in both the civil and criminal matters and the nature of the allegations--ignoring requests for medical care--are the same in both. Given the dearth of case law on the application of the tolling statute, and the allegedly related nature of the serious civil and criminal allegations, the court declines to dismiss Booth's case based on its timeliness at this stage of the litigation. Should discovery support defendants' position that tolling provision of Va. Code § 8.01-229(K) does not apply to this case, they may file a motion for summary judgment on this issue.

**B.**

Booth argues in the alternative that the court should grant him an extension under Fed. R. Civ. P. 6(b)(1)(B) because of "excusable neglect" in not filing the complaint within the statute of limitations.[6] This argument is also the basis of Booth's motion to extend the time to

---

[6] Federal Rule of Civil Procedure 6(b) provides that
> When an act may or must be done within a specified time, the court may, for good cause, extend the time:

9

file this lawsuit, ECF No. 27. Booth's request, however, must be denied because Rule 6(b) applies only to statutes of limitations created by court orders or the federal rules themselves; it does not apply to statutes of limitation created by state law. See O'Malley v. Tower of Egremont, 453 F.Supp.2d 240, 247 (D. Mass. 2006) (concluding that Rule 6(b) "does not apply to time periods set out in statutes") (internal quotations and citations omitted); see also Potter v. Astrue, No. 7:07-cv-00070, 2008 WL 4610234, at *1 (E.D.N.C. Oct. 16, 2008) (finding that the language in Rule 6(a) means that "Rule 6(b) cannot be understood to apply to statutes and must only be applied to court orders or the federal rules themselves"); Parker v. Marcotte, 975 F.Supp. 1266, 1268-69 (C.D. Cal. 1997) ("Plaintiff argues the court may utilize Rule 6(b) . . . to extend the applicable statute of limitations. This argument must be rejected."). Accordingly, Booth's request to extend the time for filing this lawsuit under Rule 6(b)(1)(B) is **DENIED**.

## III.

For the forgoing reasons, defendants' motions to dismiss, ECF Nos. 19 and 28, are **DENIED** insofar as defendants argue that Va. Code § 8.01-229(K) does not toll the statute of limitations in Booth's case. Booth's motion for extension of time to file this lawsuit pursuant to Rule 6(b)(1)(B), ECF No. 27, is **DENIED**.

An appropriate order will be entered.

Entered: July 21, 2020

Michael F. Urbanski
Chief United States District Judge

---

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

10